OPINION of the Court, by
Judge Owsley.
— This ■suit was brought by Mershon in chancery to recover the amount of a note, destroyed. The bill charges the note to have been destroyed by a neighbor’s child, who by some means got the possession of it; and there having been no answer, the bill was taken for confessed, and a decree for relief pronounced.
We are of opinion the bill contains sufficient allegations to»authorise a decree. It is abundantly evident the nóte was not destroyed by Mershon or through his procurement; and we apprehend it was not incumbent <on him, as seems to be supposed by Fisher’s counsel, *528 {0 shew a destruction of the note unaccompanied on his Pr*rt w't*1 any possible negligence, before equity can give relief. Had Mershon "⅜$- his own voluntary act destroyed the note, it would be admitted equity ought not to grant him relief; but to require of him to shew he was clear of all possible negligence in permitting the child to gain the possession of the note, would be recognizing the existence of a rule unfounded in principle and not supported by precedent, and which would in its consequence defeat the jurisdiction of courts of chancery in almost every case relating to lost writings : for the most circumspect of men do not at all times act with the utmost possible attention to their concerns, and in nearly every case where writings are lost, negligence, in a greater or less degree, is imputable to the owner.
"VVe are of opinion therefore the circumstances of the destruction of the note as stated in the bill are sufficient to authorise a court of chancery to take jurisdiction of the cause, and that Mershon has shewn himself entitled to a decree for the amount of his debt stated in the bill, with interest lrom the time the note became due until it is paid ; but we are of opinion the court erred in decreeing interest-before the note became due, there being nothing in the cause to shew an undertaking on the part of Fisher to that effect; and for that cause the decree must be reversed, each party paying h s own costs, and the cause remanded for a decree to be entered conformable to this opinion. .