Judge Logan
delivered the opinion of the court.
This was a bill in equity, filed by the appellee to recover from the appellant the amount of two notes, executed by him on the 6th of September, 1814, to Robert Crockett for $1000 each, one payable on demand, and the other 12. months after date, which were assigned by Crockett to William Starling, and by Starling to the appellee; whe having by casualty lost the same, made affidavit of that fact, and applied to the appellant to execute in lieu of them other notes or pay the money; which he refused to do.
The appellant admits the execution of the notes, and his refusal either to pay the debts or to give other notes. But requires proof of their assignment and loss, as in the bill is alledged.
Crockett and Starling were both made defendants, and admit the assignments.
A decree was pronounced for the amount of the notes, with interest on one from the date, and ort the other from the 6th of September, 1815: from whichDillon prosecutes this appeal.
The assigment of error questions—
1. The propriety of decreeing at all for the complain-
2. In decreeing interest from the date of the note. And
3. In not requiring security from the complainant, to indemnify the appellant against those notes hereafter.
That the court properly entertained the case and granted relief, is warranted by principle and authority: — see the cases of Helm vs. Eastland, 2 Bibb, 193; and Fisher vs. Mershon, 3 Bibb, 527. And the answer of the appellant, and those of Crockett and Starling, clearly show the existence of the debts and the appellee’s right thereto.
Upon the second point the decree is not strictly wafranú *67 ed. The note is alledged to be payable on demand, and pould only carry interest from the period of demand. But at what time a demand was first made, is not precisely al-ledged. It is stated in the bill to have been in a very few days after the execution of the note: And the appellant admits that it was payable in September, 1814. From whence it was certainly inferrible, that interest might properly bp given from the last of that month, but not before. And however much we regret the necessity of reversing upon a ground like the present, whereby the party really .injured, shall loose his cost .and damages; yet such is our understanding of the law. Upon this point, therefore, the decree must be reversed so far as it gives interest from the 6th day of September, 1814, instead of decreeing interest from the last day of that month.
Wickliffé for appellant, Haggin for appellee.
A note payable on demand, does not bear interest till ⅜ demand io made.
On reversing a decree in averysmudl part, each party lo pay h'.S own costs-
With respect to the , 3d question — the appellant does not seem to have required the indemnity it suggests: And the decree against him, will be his indemnity hereafter against all liability from those debts.
The cause must be remanded, that a decree may be entered conformably to the foregoing opinion. And as the decree is only reversed in part, and in a very small part indeed, each party must pay his own cost in this court.